*425
 
 Jones, J.,
 

 dissenting. I cannot concur in this judgment of reversal. When the right is lodged in the debtor to pay the indebtedness “when his property is sold,” it is “a right which he must exercise reasonably and with a just regard to the rights of others.” It creates a legal liability upon the part of the debtor, and the debt must be paid within a reasonable time.
 
 Lewis
 
 v.
 
 Tipton,
 
 10 Ohio St., 88-92, 75 Am. Dec., 498.
 

 In
 
 Wright
 
 v.
 
 Hull,
 
 83 Ohio St., 385, 94 N. E., 813, payment was to be made from the “first receipts from the sale of the lands,” etc. On page 398 (94 N. E., 813) the judge delivering the opinion announces the legal principle that in such cases the sale of the property must be made in a reasonable time, and cites a number of cases in its support. If, after a long lapse of years, a sale never occurs, the query naturally arises when, if ever, does the cause of action accrue? When does the statute of limitations begin to run? Surely not upon the 'mere convenience of the property owner, nor upon his own determination of the price he should receive. Under that principle, the owner might never find it convenient to sell, or obtain the price which in his judgment he ought to receive. When, therefore, the payment of his debt is dependent upon a right of sale lodged solely in the debtor, natural justice requires that this right be exercised within a reasonable time. While here the contract was made for the benefit of the decedent, who was at the time without “means to repay except out of the proceeds of the sale of the property,” still the decedent had ample and more than reasonable time to make a sale before her death in 1922. In
 
 *426
 
 this, as in all cases of similar character, there was an implied intention to give a reasonable' time to pay this debt and to effect a sale of the property for that purpose.
 

 The lower courts both bottomed their decision on
 
 Lewis
 
 v.
 
 Tipton
 
 and
 
 Wright
 
 v.
 
 Hull, supra,
 
 and cases therein cited. I think the lower courts should be affirmed on authority of those cases.
 

 Day, J., concurs in the dissenting opinion.